# RITCHEY v. McMICHAEL.

## No. 19,231; December 26, 1893.

### 35 Pac. 151.

**Agency—Deceit of Agent in Buying Land.**—Plaintiff authorized defendant to buy for him land from one B. for $2,750, agreeing to pay one-third cash, one-third in six months, and the balance in a year. Thereafter defendant represented that B. would not sell except for one-half cash and the balance in a year; that he had taken a deed to himself on those terms, and would convey to plaintiff on the terms agreed on between them. He then forwarded a contract of sale to plaintiff and drew on him for $916.66. Plaintiff executed the contract and paid the draft. Defendant's representation as to his purchase of the land from B. was false, B. having agreed to sell it to another for $1,375. Held, that plaintiff could recover the amount paid on the draft.

**Agency—Fraud of Agent—Accounting.**—In such case the relation of principal and agent existed between plaintiff and defendant, and the latter was accountable for the money paid him by plaintiff to carry out the purposes of the agency.

APPEAL from Superior Court of Los Angeles County; William P. Wade, Judge.

Action by J. T. Ritchey against J. G. McMichael for moneys of plaintiff fraudulently converted by defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Anderson & Anderson for appellant; Lacey & Trask and D K. Trask for respondent.

HARRISON, J.—In April, 1888, one Buell was the owner of an interest in certain lands in Los Angeles county and the defendant was the owner of a similar interest therein. The defendant was a resident of California, but was at that time in Louisville, Kentucky, where he had formerly resided, and where the plaintiff was then residing. He had known the plaintiff and had been on friendly terms with him for many years, and while there represented to him and one Curtice that Buell would sell his interest in the lands for $2,750, and urged them to purchase this interest, representing that it was of

much greater value, and offered to make the purchase for them at the lowest price for which he could induce Buell to sell it. Neither the plaintiff nor Curtice had ever seen the lands, nor had they any knowledge of their value, or of the price at which Buell would sell his interest, but, relying upon the representations of the defendant, authorized him to make the purchase for them from Buell on terms of one-third cash, one-third in six months and one-third in twelve months, thereafter. The defendant returned to California, and on the 9th of May wrote to the plaintiff to the effect that he had effected the purchase, but that Buell would not accept the terms proposed, but insisted on having half cash, and half in twelve months; and therefore he had had the contract from Buell made directly to himself upon these terms, but that the plaintiff and Curtice might have the benefit of the terms upon which they had agreed to make the purchase. Inclosed with the letter he sent a contract in duplicate to be executed by the plaintiff and Curtice, one of which they were to retain, and the other to return to him, by which he agreed to sell, and they to purchase from him, these lands for $2,750, payable one-third cash, one-third in six months, and one-third in twelve months, the deferred payments to be evidenced by their promissory notes; and at the same time made a draft upon them for $916.66. The draft was paid by them upon its presentation, but neither the contract nor the notes were executed or returned to him. When the second payment was about to mature, the plaintiff telegraphed the defendant to make his draft for both deferred payments with a deed attached and they would be paid. To this request the defendant paid no attention, and does not appear to have made any subsequent attempt to collect the money. Subsequent investigation having satisfied the plaintiff that the defendant had defrauded them in the transaction, he brought this action to recover the amount of money paid on the draft, setting forth in his complaint the facts constituting the fraud, and that Curtice had assigned to him his interest in the money. The court finds that the representations of the defendant to the plaintiff in his letter of May 9th were false and untrue; that at the time he was in Kentucky, urging the purchase of Buell's interest for $2,750, Buell had authorized him to sell that interest for $1,650; that Buell did not refuse to sell the property upon the terms proposed by

the plaintiff and Curtice, and that the defendant had never made such offer on their behalf to Buell; that defendant did not give Buell half of the purchase price in cash, and had not taken the property in his own name or given Buell any cash; that, on the contrary, Buell did agree to sell his interest to a Mrs. Canine for $1,375, in terms of one-third cash, one-third in six months, and one-third in twelve months. The agreement for this sale was dated May 9, 1888, but the cash payment thereon—$458.33—was not made until July 24th. The defendant offered in evidence a deed from Mrs. Canine for this interest, purporting to have been made by her on May 9th, but which was acknowledged on the 15th of September, in the state of Kentucky. It does not appear that Mrs. Canine ever became the owner of the land, or that Buell ever made any conveyance of the land to anyone. The court found that the defendant procured the $916.66 to be paid to him upon his draft by means of false and fraudulent representations, and that he had been guilty of fraud and deceit in the transaction, and rendered judgment in favor of the plaintiff.

The rule is so familiar as to be trite that the obligation of an agent to his principal demands of him the strictest integrity and the most faithful service. He is not permitted to acquire any adverse interest in the subject matter of the agency, and is accountable to his principal for any gains that he may have made in violation of those obligations. So long as he retains his position of agent he is accountable to his principal for all property which he may have received from him with which to carry out the purpose of his agency, and for the faithful disposition of his ·property in accordance with the principal's directions. The defendant herein must be regarded as the agent of the plaintiff in all his transactions respecting the purchase of the lands in question. He had undertaken to effect the transfer of Buell's interest in the lands to the plaintiff and Curtice as their agent, and while that relation existed between them he was not at liberty to acquire any interest in the lands adverse to them. Even if it had been established at the trial that he had made a contract in his own name for the purchase from Buell of this interest, his relation to the plaintiff and Curtice would have made him a trustee of that interest for their benefit. In the first letter which he wrote to the plaintiff upon his return to California, in which

he sent the notes and contracts for execution, he says: "Buell would not take one-third cash, one-third six months, one-third twelve months, but insisted upon one-half cash; so I had him to contract to me one-half cash, one-half twelve months, and make the terms to suit you all. The difference is small, and I gave it to him so as to fix you all up." And again: "I have taken the property in my own name, and consented to your terms, and I pay Buell one-half cash, one-half twelve months." And on the next day he telegraphed from California to the plaintiff: "Papers gone forward, and draft for one-third of the amount." The scheme which the defendant fraudulently devised for the transfer to Mrs. Canine of the right to purchase Buell's interest, and her assignment of this right to himself, did not devest him of his obligation to fidelity toward the plaintiff, or give to him any rights in the property which he could assert as against the plaintiff and Curtice. The money which the plaintiff and Curtice paid upon the defendant's draft was not for the purpose of discharging any obligation on their part to the defendant, or in pursuance of any transaction between them and the defendant as separate contracting parties, but it was merely placing that amount of money in his hands as their agent for the purpose of carrying out the object of the agency; and as soon as they learned that their agent had not applied this money as they had directed, but had proved faithless to his trust, they had the right to demand its return. Whether the money was paid upon the draft of the defendant, or had been personally placed in his hands, or forwarded to him, is immaterial. In either case it was at all times the money of the plaintiff and Curtice, given to the defendant for a special purpose.

The proposition of the appellant that the plaintiff cannot recover the amount of the draft without tendering to the defendant an assignment or reconveyance of any interest he may have in the lands cannot be maintained. The relation of vendor and vendee never existed between them, nor was there ever any contract between them which required a rescission. The defendant could not, as we have seen, so long as he held the relation of agent to the plaintiff for the purchase of these lands from Buell, acquire any interest therein which he could hold as against his principals, or of which he could become the vendor. Equally untenable is the proposition that, inasmuch

as the defendant was himself the owner of an interest in the lands equal to that of Buell, the contract between himself and the plaintiff is valid, and that the plaintiff cannot recover the money sued for until the defendant has made default upon this contract. The plaintiff never had any negotiations with the defendant for the purchase from him of his interest in the lands, and the defendant could not become the vendor of this interest without the assent of the plaintiff to purchase it. Even if he had intended to assume the relation of a vendor of his own interest, the agreement sent by him to the plaintiff can only be regarded as a proposition or offer from him, and would not be binding upon the plaintiff until his acceptance; and it is not claimed that the plaintiff ever executed the agreement, or manifested to the defendant any acceptance of the proposition. The money which he paid upon the defendant's draft was not upon any agreement to purchase the defendants' interest, but was for the purpose of making a payment for the Buell interest. If the defendant made a fraudulent use of this money, the plaintiff could at any time at his discretion repudiate his action and sue for the money. The judgment and order are affirmed.

We concur: Garoutte, J.; Paterson, J.